Genevieve M. HADDAD, Individually and Representatively on Behalf of All Others Similarly Situated, Appellant,

v.

The CROSBY CORPORATION et al.

No. 74-1347.

United States Court of Appeals, District of Columbia Circuit.

Submitted without Argument—17 Feb. 1976.

Decided 6 April 1976.

Eugene J. Metzger and Carl W. Schwarz, Washington, D. C., were on the brief for appellant.

Lee Loevinger and David J. Saylor, Washington, D. C., were on the brief for appellees Bache & Co., Inc., Blythe Eastman Dillon & Co., Dean Witter & Co., Inc., Hayden Stone, Inc., Hornblower & Weeks-Hemphill, Noyes, Inc., E. F. Hutton & Co., Inc., W. E. Hutton & Co., Merrill Lynch, Pierce, Fenner & Smith, Inc., Paine, Webber, Jackson & Curtis, Inc., Reynolds Securities Inc., and Thomson & McKinnon Auchincloss, Inc.

Robert E. Jensen and Richard M. Phillips, Washington, D. C., were on the brief for appellees Wellington Management Co.

J. Sumner Jones, Washington, D. C., was on the brief for appellees Institutional Equity Corp. and Summit Management & Research Corp.

William H. Jeffress, Jr., Washington, D. C., was on the brief for appellees Vance, Sanders & Company, Inc.

Michael H. Diamond, New York City, was on the brief for appellees The Crosby Corp., Fidelity Management & Research Co., Edward C. Johnson, II, Edward C. Johnson, III, C. Rodgers Burgin, William L. Byrnes, Alfred B. Cornell, Gilbert H. Hood, Jr., George K. McKenzie, George S. McEwan, Horace Schermerhorn, D. George Sullivan and Caleb Loring Jr.

John T. Tansey, Washington, D. C., was on the brief for appellees Piedmont Capital Corp. and Lexington Management Corp.

Rodney F. Page, Washington, D. C., was on the brief for appellee American Funds Distributors, Inc.

Edgar H. Brenner and Kenneth A. Letzler, Washington, D. C., were on the brief for appellee Investment Co. Institute.

Joseph B. Levin, Washington, D. C., was on the brief for appellee Nat. Ass'n of Securities Dealers, Inc.

Before BAZELON, Chief Judge, WILKEY, Circuit Judge, and MERHIGE,* Judge, United States District Court for the Eastern District of Virginia.

## PER CURIAM:

This appeal arises out of District Judge Corcoran's dismissal [1] of a broadly based private antitrust action [2] against numerous individuals and organizations associated with load mutual funds, or the distribution or trading of their shares.[3] The primary thrust of the complaint is that defendants have conspired to restrain competition in the trading of mutual fund shares, by vertical [4] and horizontal [5] agreements fixing the prices at which shares will be traded. The District Court ruled that these allegations failed to state a claim upon which relief could be granted, because the price maintenance practices attacked are sanctioned and excluded from the coverage of the antitrust laws by Sections 22(d) and (f) of the Investment Company Act of 1940.[6] These sections, respectively, require dealers to sell investment company shares at the public offering price,[7] and allow open-end funds to restrict the transferability of their securities by statements contained in the registration statement which are not inconsistent with SEC rules and regulations.[8]

In great measure, the disposition of this appeal is governed by the Supreme Court's opinion in *United States v. National Association of Securities Dealers.*[9] In that Government action which Judge Corcoran heard in conjunction with the private suit now before us, the Supreme Court affirmed the district court's dismissal. That decision by the Court leads us to affirm, with two reservations, the findings and conclusions expressed in the opinion below.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d) (1970).

1. *In re Mutual Fund Sales Antitrust Litigation,* 374 F.Supp. 95 (D.D.C.1973).

2. The complaint alleges restraints of commerce in violation of Sections 1, 2, and 3 of the Sherman Act, 15 U.S.C. §§ 1, 2, 3 (1970), and "combination, conspiracy, scheme, artifice and common device to defraud and deceive" in violation of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* (1970), the Investment Company Act of 1940, 15 U.S.C. §§ 80a–1 *et seq.* (1970), and particularly rule 10b–5 issued pursuant to the 1934 Act. 17 C.F.R. § 240.10b–5 (1975). *Complaint, App. to Petitioners' Br.* at 23, 29.

3. Defendants include directors, underwriters, and investment advisors of designated load mutual funds, an association of mutual funds and affiliated personnel, a number of broker-dealer firms trading in load mutual funds, and the National Association of Securities Dealers. *Complaint, App. to Petitioner's Br.* at 12–17.

4. The vertical agreements involved here were between the funds and their underwriters, and subsequent broker-dealers trading in the shares. They sought to assure that all sales would be made at the fund's public offering price.

5. The horizontal restraints alleged involved agreements between broker-dealers to trade at the fund's public offering price, and perhaps others.

6. 15 U.S.C. §§ 80a–22(d) and (f) (1970).

7. Section 22(d) reads as follows:

   No registered investment company shall sell any redeemable security issued by it to any person except either to or through a principal underwriter for distribution or at a current public offering price described in the prospectus, and, if such class of security is being currently offered to the public by or through an underwriter, no principal underwriter of such security and no dealer shall sell any such security to any person except a dealer, a principal underwriter, or the issuer, except at a current public offering price described in the prospectus.

8. Section 22(f) reads as follows:

   No registered open-end company shall restrict the the transferability or negotiability of any security of which it is the issuer except in conformity with the statements with respect thereto contained in its registration statement nor in contravention of such rules and regulations as the Commission may prescribe in the interests of the holders of all of the outstanding securities of such investment company.

9. 422 U.S. 694, 95 S.Ct. 2427, 45 L.Ed.2d 486 (1975).

   Under the Expediting Act, 15 U.S.C. § 29 (1970), the appeal to the Supreme Court by the Government was taken from the same opinion of Judge Corcoran which is now before us.

First, while the Supreme Court flatly affirmed the dismissal on the basis of Section 22(f), it reversed the holding that an alternative ground for dismissal exists under Section 22(d). The Section 22(d) requirement that underwriters and dealers sell only at the fund's public offering price could not, said the Court, "be stretched beyond its literal terms to encompass transactions by broker-dealers acting as statutory 'brokers.' " [10] Thus that section was held not to justify immunization of secondary market transactions from the antitrust laws. This reasoning is directly applicable to the private suit before us, and thus, following the Supreme Court, we reverse as to the Section 22(d) grounds for dismissal.

Second, while the Supreme Court's opinion is entirely dispositive of those aspects of the private action relating to intra-fund restraints—that is efforts to assure that all sales of a given fund will be made at the public offering price—it is not entirely clear to us that this is the only type of restraint alleged in the complaint. The Supreme Court's opinion explicitly denied that the Government complaint contained any allegations as to restraints of competition *between* funds,[11] and thus its holding is not dispositive as to any explicitly *inter*-fund combinations which the private parties might assert.

We recognize that a degree of inter-fund restraint is implicit in the intra-fund combinations which the Supreme Court found to be immunized. The fixing of the price at which each fund's shares will trade largely eliminates the price component of inter-fund competition. However, it is also clear that agreements are possible which are explicitly inter-fund in nature, which impair competition arising from factors other than price. Fund managers, for example, might agree as to the types of securities each would purchase, and thus position their products in a way to minimize competition between them.

We do not feel able, on the face of the complaint, to determine whether such allegations are implicit in the action before us. However, we find some reason so to suspect, and thus remand to Judge Corcoran for a determination of the matter. In particular, we note one clause of the private complaint which seems to have had no parallel in the Government's action.[12] Petitioners below alleged combinations to "[p]revent, restrain, lessen and eliminate competition in the trading of the securities of load mutual funds in general and the Fidelity Group Mutual Funds in particular among defendant broker-dealers . . ." [13] While this might be read solely to allege intra-fund restraint, its language, coupled with the list of defendants, which includes fund managers as well as broker-dealers, might also lead one to a contrary conclusion.

The case is affirmed in part, reversed in part, and REMANDED to District Judge Corcoran for further proceedings not inconsistent with this opinion.

---

10. *Id.* at 720, 95 S.Ct. at 2443, 45 L.Ed.2d at 505.

11. *Id.* at 733 & n. 44, 95 S.Ct. at 2249, 45 L.Ed.2d at 513.

12. *See Government Complaint, App. to Individual Respondent's Br.* at 1.

13. *Complaint, App. to Petitioner's Br.* at 25.